UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAMUS LYONS and NOEL NELSON,

                                Plaintiffs,

    -against-

STATE OF NEW YORK, DIVISION OF POLICE
and JOSEPH D'AMICO, in his individual capacity,

                                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/31/2021____

15 Civ. 3669 (NSR)
OPINION & ORDER

Plaintiffs Seamus Lyons ("Lyons") and Noel Nelson ("Nelson") (together, "Plaintiffs") commenced this action on May 12, 2015 against Defendants New York State Division of Police ("NYSP") and Joseph D'Amico ("D'Amico") (together, "Defendants"). (ECF No. 1.) Nelson alleged racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 ("Title VII"), as well as a retaliation claim under the Free Speech clause of the First Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983 ("Section 1983"), and both Plaintiffs alleged retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981"). (Third Amended Complaint ("TAC") (ECF No. 26).) On June 2, 2020 the Court granted Defendants' summary judgment motion in part, dismissing Nelson's Title VII claims with prejudice, and denied Defendants' motion as to the Section 1981 and First Amendment retaliation claims. (the Court's "Opinion" (ECF No. 91).) Nelson has moved for reconsideration of the Court's Opinion as to the Title VII retaliation claim under Federal Rule of Civil Procedure 60(b)(1). (ECF No. 96.) Defendants have moved for reconsideration of the Court's Opinion as to the Section 1983 retaliation claim under Federal Rule of Civil Procedure 60(b)(1) and (2). (ECF No. 106.) For the reasons that follow, the Court DENIES Defendants' motion under Rule 60(b)(2);

GRANTS both motions under Rule 60(b)(1); and upon reconsideration, reinstates Nelson's Title VII retaliation claim against the NYSP.

## BACKGROUND

The Court assumes familiarity with the factual background of this case, as delineated in the Court's summary judgment Opinion. *Lyons v. New York, Div. of Police*, No. 15 CIV. 3669 (NSR), 2020 WL 2857157 (S.D.N.Y. June 2, 2020).

In short, Nelson, who is African-American, alleged that the NYSP diminished his duties because of his race and both Plaintiffs alleged that Superintendent D'Amico and the NYSP retaliated against them when Nelson challenged certain actions as race discrimination and Lyons raised concerns on Nelson's behalf.

The parties dispute whether Nelson properly transported and secured drug evidence on July 28, 2010. In March 2011, the NYSP determined that the drug evidence had been stolen from an evidence locker. An investigation concluded that an investigator was guilty of violating NYSP rules and regulations regarding the maintenance and security of evidence. After that investigator retired in August 2011, a new investigator, Investigator Smith, took over and discovered that the drugs Nelson was directed to transport on July 28, 2010 were unaccounted for. In response to Investigator Smith's September 2011 report, the Internal Affairs Bureau ("IAB") began an investigation.

On or about September 30, 2011, Nelson was reassigned to a different barracks and placed on an administrative assignment. On October 12, 2011, Nelson lodged an internal complaint with the NYSP Office of Human Resources ("HR") alleging that his transfer and administrative assignment was motivated by race discrimination. The investigation of that complaint confirmed that no other investigator who worked under the supervision of Investigator Bennett—all of whom

are Caucasian—had been reassigned and resulted in a November 2011 note from the Senior Investigator who had investigated Nelson's HR complaint to the Colonel that reassigning the only minority Troop K investigator gave "the appearance that he is being treated differently than other investigators."

A March 2012 internal report of the NYSP investigation into missing drug evidence from July 28, 2010 concluded that the evidence custodian had destroyed certain evidence without authorization and noted that the evidence that Nelson reported he transported "remains missing/unaccounted for." In an August 31, 2012 memorandum, Investigator Smith reported his findings that Nelson, Lyons, and the evidence custodian had violated NYSP rules and regulations, and that Plaintiffs had been "less than forthright" in their statements. No action was taken against Nelson and Lyons because the members of IAB could not agree on whether Nelson and Lyons' versions of events were credible and, therefore, whether punishment was warranted.

At some point, Superintendent D'Amico became aware of the IAB investigation into the missing drug evidence. Superintendent D'Amico avers that he was dissatisfied with the lack of results following the IAB investigation. At some point, Superintendent D'Amico directed the Special Investigations Unit ("SIU") and Counsel's Office to further investigate. Defendants aver that Superintendent D'Amico issued this direction on or about November 15, 2012, citing in support (1) a declaration from Mr. Hartford, who is employed by the NYSP in Counsel's Office, stating that the first investigation into the missing drug evidence had initially been conducted by the IAB but was reassigned to Counsel's Office, "on or about November 15, 2012" and (2) an e-mail from NYSP Counsel Capezza to Mr. Hartford dated November 15, 2012, in which Capezza, referring to the missing drug evidence investigative file, stated, "I left three-ring binders on your chair regarding the IAB investigation previously discussed."

On November 16, 2012, Nelson filed a charge of racial discrimination with the New York State Division of Human Rights ("NYSDHR"). On or about March 1, 2013, disciplinary proceedings were commenced against Nelson and Lyons on several charges, including for providing false statements during NYSP's internal investigations of the missing narcotics. On or about March 7, 2013, while the disciplinary charges were pending, Nelson commenced the process to retire. Nelson was denied a retirement card. Plaintiffs aver that Nelson's retirement amounted to constructive discharge.

The Court's Opinion held that Nelson failed to adduce any evidence from which a reasonable jury could conclude that discrimination was a factor in Nelson's diminution of duties or that the NYSP was liable for retaliation under Title VII. The Court further held that summary judgment on the Section 1983 claims was inappropriate given the irregularity of D'Amico's order for a second investigation, the proximity of investigation to the filing of Nelson's NYSDHR complaint, and uncertainties regarding D'Amico's motivations, which together meant that a reasonable jury could conclude that Superintendent D'Amico was aware that Lyons was supporting Nelson's internal complaint of discrimination and was identified as a key supportive witness in the NYSDHR complaint, and that Superintendent D'Amico sought retaliation.

Nelson has moved for reconsideration of the Court's dismissal of his Title VII retaliation claim because in addition to the alleged adverse action of diminution in duty, which predated the Nelson's protected activity, Nelson also alleged that D'Amico, NYSP's agent, retaliated against Nelson after he engaged in protected activity and NYSP is liable for D'Amico's retaliatory actions under the theory of respondeat superior.

Defendants moved for reconsideration of the Court's denial of its summary judgment motion as to the Section 1983 retaliation claims on the bases of (1) legal error where Nelson did

4

not meet his prima facie burden to show constructive discharge, and (2) newly discovered evidence supplementing the evidence Defendants submitted in support of their summary judgment motion demonstrating that D'Amico decided to initiate the second investigation into the missing drug evidence before Nelson filed his NYSDHR complaint, which means that the initiation of the second investigation was not an adverse action in response to the protected activity.

## LEGAL STANDARDS

### I.    Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Co., LLP*, 2013 WL 6188339, at * 1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (noting that party moving for reconsideration, "may not advance new facts, issues, or arguments not previously presented to the Court" (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000))). They "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp.

2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Bos. Corp.*, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006).

## II.     Motion for Summary Judgment

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment will not lie where there is a "dispute[] over facts that might affect the outcome of the suit under the governing law" and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "At the summary judgment stage the judge's function is not [] to weigh the evidence and determine the truth of the matter[.]" *Id.* at 249. Rather, the relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In deciding a motion for summary judgment, courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal citation and quotations omitted).

The moving party bears the initial burden of pointing to evidence in the record "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by showing "that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal citation and quotation marks omitted).

The party asserting that a material fact is genuinely disputed must support his or her assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). In addition, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252.

## DISCUSSION

### I.      Section 1983 Retaliation

Defendants move for reconsideration of the Court's Opinion as to the Section 1983 retaliation claim on two grounds: (1) the Court improperly determined that Nelson made a prima facie showing of constructive discharge and (2) since the Court issued its Opinion, Defendants have discovered two new items of evidence that further support their assertion that D'Amico initiated the second investigation before Nelson filed his NYSDHR Complaint.

#### A.      *Prima Facie Case of Constructive Discharge*

The Court's Opinion discusses two potential retaliatory actions in its section entitled Section 1983 Retaliation: "(i) D'Amico's decision to initiate a second investigation into the missing drug evidence (i.e., the SIU/Counsel's Office investigation); and (ii) D'Amico's decision to bring disciplinary charges against Plaintiffs, resulting in Nelson's resignation and Lyons' termination." 2020 WL 2857157, at *13. While the Court mentions in passing that Plaintiffs' characterize their resignations as "constructive discharge," *id.* at *14 ("Plaintiffs . . . . characterize both Nelson and Lyons's resignations as constructive discharges, which is sufficient to

demonstrate an adverse action. *See, e.g., Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188-89 (2d Cir. 1987)" (internal record cite omitted)), the Court's analysis focuses on the initiation of disciplinary charges as the retaliatory action, holding that based on the evidence, a jury "may conclude that Superintendent D'Amico was aware that Lyons was supporting Nelson's internal complaint of discrimination and was identified as a key supportive witness in the NYSDHR complaint, and that Superintendent D'Amico sought retaliation." *Id.* Accordingly, the Court's opinion did not require an inquiry into whether Plaintiffs made a prima facie case of constructive discharge.

B.    *New Evidence Regarding Timing of D'Amico's Decision to Initiate Second Investigation*

Defendants also ask the Court to consider "newly discovered evidence" that they claim bolsters their assertion that D'Amico initiated the second investigation before Nelson filed his NYCHR complaint.

Federal Rule of Civil Procedure 60(b)(2) permits a court to relieve a party from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time," to be timely considered. Fed. R. Civ. P. 60(b)(2); *see Boule v. Hutton,* 328 F.3d 84, 95 (2d Cir.2003) (noting that Rule 60(b)(2) motions may be granted only "when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation").

The Court need not consider whether the "newly discovered evidence" Defendants proffer is of the type contemplated by Rule 60(b)(2)—meaning that it could not have been discovered with "reasonable diligence"—because it is not material to the Court's holding. The Court held that at least two factual disputes precluded summary judgment on the Section 1983 retaliation claim: (1) when, relative to the protected activity, D'Amico initiated the second investigation, and

8

(2) when D'Amico became aware of Nelson's protected activity in the form of the internal HR complaint and the subsequent NYCHR complaint. Since the proffered "newly discovered evidence" could only possibly establish that D'Amico's decision predated the NYCHR complaint and not the HR complaint, which Nelson made in October 2011, it cannot resolve the first factual dispute. Second, the "newly discovered evidence" has nothing whatsoever to do with when D'Amico became aware of Nelson's protected activity, and therefore cannot resolve the second question that precluded summary judgment on the Section 1983 claim.

Accordingly, the Court declines to reconsider its Opinion in light of Defendants' "newly discovered evidence."

## II.     Title VII Retaliation

Nelson avers that the Court erred by dismissing his Title VII retaliation because in addition to the alleged adverse action of placement on administrative duty, which predated Nelson's protected activity, Nelson also alleged that D'Amico, NYSP's agent, retaliated against Nelson after he engaged in protected activity when D'Amico initiated the second investigation and pressed disciplinary charges against Nelson and NYSP is liable for these retaliatory actions under the theory of respondeat superior, which applies to Title VII. Defendants aver that the Section 1983 claims heretofore asserted only against D'Amico, cannot now also be asserted against the NYSP under Title VII.

Defendants are correct that unlike the equal protection claim against D'Amico in his individual capacity, the Title VII claim is against NYSP, and, further that there is no individual liability under Title VII. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012); *Ulrich v. Soft Drink, Brewery Workers and Delivery Employees, Industrial Employees, Warehousemen, Helpers and Miscellaneous Workers, Greater New York and Vicinity, Local Union No. 812*, 425

F.Supp. 3d 234, 240 (S.D.N.Y. 2019). However, Nelson is correct that under Title VII, an employer can be held liable for discrimination or retaliation based on the unlawful acts or omissions of its agents. *See Village of Freeport v. Barrella*, 814 F.3d 594,615 (2d Cir. 2016) ("Barrella sued under both § 1981 and Title VII, the latter of which does indeed permit respondeat superior liability."); *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019) ("[W]hile an employer may be liable under Title VII for any discriminatory conduct that can properly be attributed to the employer through agency principles, § 1983 does not permit such vicarious liability."); *Chin v. N. Y. City Housing Auth.*, 575 F. Supp. 2d 554, 562 (S.D.N.Y. 2008) ("The substantive elements of an employment discrimination claim under Title VII are identical to those under Section 1981, but unlike Section 1981, the principle of respondeat superior applies to Title VII claims."). Because D'Amico was a superintendent who was senior to Nelson, NYSP is undoubtedly liable for any retaliatory acts D'Amico may have engaged in.

Defendants are incorrect that Nelson is seeking to rewrite his Title VII claim on summary judgment where Defendants' own reply brief in support of its motion for summary judgment recognized that Nelson's Title VII claim encompassed three allegedly retaliatory actions including the lodging of disciplinary charges following the second investigation. (ECF No. 89 at 7.)

Accordingly, upon reconsideration the Court reinstates Nelson's Title VII retaliation claim against the NYSP.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants motion under Rule 60(b)(2); GRANTS both motions under Rule 60(b)(1); and upon reconsideration, reinstates Nelson's Title VII retaliation claim against the NYSP. The parties are directed to appear for a telephonic pretrial conference on April 22, 2021 at 1:00 pm. To access the teleconference, please follow these

directions: (1) Dial the Meeting Number: (877) 336-1839; (2) Enter the Access Code: 1231334 #;

(3) Press pound (#) to enter the teleconference as a guest.

The Clerk of Court is directed to terminate the motions at ECF Nos. 96 and 106.

Dated:      March 31, 2021                                    SO ORDERED:
            White Plains, New York

                                                        _____

                                                              NELSON S. ROMÁN

                                                        United States District Judge